Date signed September 22, 2009



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In Re: | * | |
| PLAN 4 COLLEGE, INC. | * | Case No.   09-17952DK |
| | * | Chapter   7 |
| | * | |
| Debtor(s) | * | |
| ************************************ | * | |
| PLAN 4 COLLEGE, INC. | * | |
| | * | |
| | * | |
| Movant(s) | * | |
| vs. | * | |
| CHARLENE GREGUS AND DARLENE AALBERG, | * | |
| | * | |
| | * | |
| Respondent(s) | * | |

## MEMORANDUM OF DECISION

The Movant has filed a Motion in this bankruptcy case requesting that this court extend the effect of the automatic stay that arises pursuant to 11 U.S.C. § 362(a), to actions by the Respondents against non-debtor parties in cases pending in a non-bankruptcy court.  Each of the Respondents, in proper person, has filed an opposition to the motion.  The court finds that a hearing is not necessary to the decision of the motion and would not aid in the decisional process.

The Movant/Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on May 4, 2009.  By this action, the corporate Debtor sought an orderly

liquidation of its assets.[1]  A Chapter 7 Trustee has been appointed to take control of the assets of the Debtor for that purpose.

The Movant has now filed a Motion (the "Motion") asking the court for a "Order Confirming the Automatic Stay Applies to Officers, Directors and Shareholders of Plan 4 College, Inc."  At the end of the Motion Movant requests that the court determine that the automatic stay in bankruptcy "is in effect as to the Officers, Shareholders and Employees of the Debtor as a result of the indemnification language contained in the By-Laws who are identified as Defendants in the aforesaid actions in the State of Florida... ."  The actions in the State of Florida referred to in this request are described as two civil lawsuits commenced in the Circuit Court in and for Hillsboro County, Florida which action or actions apparently have been removed to the United States District Court for the Middle District of Florida, Case No. 8-09-CV-01392-T-24AEP.[2]  To the extent that the Motion asks this court to determine that 11 U.S.C. § 362(a) creates automatically a stay of the Florida litigation as against non-debtor defendants (officers, directors and/or shareholders of the debtor), the motion must be denied because the statute does not create such an automatic stay.  To the extent that the motion requests this court expand the stay imposed by 11 U.S.C. § 362(a) and by order of this Court stay the action against the non-debtor defendants, this court denies such request.

At the outset, there is no cognizable dispute that by law 11 U.S.C. § 362(a)(1) only creates a stay of actions that were or could have been commenced against the debtor but does not create automatically such a stay of actions against non-debtor parties.  However, 11 U.S.C. § 362(a)(3) also creates automatically a stay of any act to obtain possession of property of the estate, property

---

[1] A debtor that is not an individual is not eligible for a discharge in a Chapter 7 case.  11 U.S.C. § 727(a)(1).

[2] Objection and Response to Motion for Order Confirming Automatic Stay.

2

from the estate, or to exercise control over property of the estate. To the extent that an action seeks to obtain such possession or control of estate property, the automatic stay stays such action without regard to the party against whom it has been filed.

However, under the facts of this instant case, which are not contested, this court finds that the Florida actions as against the non-debtor defendants do not effectively seek to gain possession of property of the estate, nor to exercise control over estate property. Therefore, 11 U.S.C. § 362(a) does not create an automatic stay stopping the Florida actions as against the non-debtor defendants. The Motion pleads absolutely no facts as to any nexus between property of the bankruptcy estate and the Florida actions against the non-debtor parties.

Instead, the Motion asserts that there are unusual circumstances justifying this court finding that the Florida actions should be stayed as a consequence of indemnity clauses contained in the by-laws of the Debtor. As a preliminary matter, this court might consider dismissing the Motion on procedural grounds as it would appear the action, to the extent that it asks the court to expand the effect of the automatic stay to non-debtor parties, seeks injunctive relief against the plaintiffs in the Florida action. Injunctive relief is required to be brought by a free standing federal action known as an adversary proceeding commenced by the filing of a complaint.[3] However, the Respondents have not raised any procedural defense and the court chooses to decide the matter on its merits.

The bankruptcy court under unusual circumstances may expand the effect of the automatic stay to non-debtor parties by injunctive relief.[4] However, in each of the cited cases, the case was a

---

[3] Federal Rule of Bankruptcy Procedure 7001.

[4] *A.H. Robbins Company, Inc. v. Piccinin (In re A.H. Robbins Company, Inc.)*, 788 F.2d. 994 (4th Cir. 1986), *A.H. Robbins Company, Inc. v. Aetna Casualty and Surety Company (In re A.H. Robbins Company, Inc.)*, 28 F.2d. 1023 (4th Cir. 1987), *American Film Technologies, Inc. v. Taritero (In re American Film Technologies, Inc.)*, 175 B.R. 847 (Bankr. D.Del. 1994).

case under Chapter 11 of the United States Code in which the debtor was actively seeking to reorganize. The overarching basis upon which courts have held that unusual circumstances justify expanding the automatic stay to non-debtor parties is to prevent an adverse impact on the debtor's ability to formulate a Chapter 11 plan.[5] In the present case there is no corporate reorganization as this is a Chapter 7 liquidation. Therefore the Florida actions in no way can have a negative impact upon an attempt by the Debtor in this bankruptcy case to reorganize.

Movant argues that because the by-laws of the Debtor contain language under which the Debtor may indemnify "Covered Person's" and under some circumstances employees, that this court should extend the reach of the automatic stay to such non-debtor persons under the holding of the decisions in the *A.H. Robbins* cases or following the *A.H. Robbins* decisions. To the extent that courts may have held that collateral estoppel may bind a debtor where an adverse judgment is entered against non-debtor parties in an action which has been stayed by the automatic stay, this court must respectfully disagree.[6] However, if the continuation of actions against non-debtor parties who have rights of indemnity against a debtor may place such parties in real danger of inconsistent outcomes when the indemnitees submit claims against the bankruptcy estate, grounds may exist for expanding the automatic stay.

There is no prospect of such endangerment of the non-debtor defendants in the Florida action in this case. The schedules filed under pain and penalty of perjury by the Debtor in this case show few assets. The Trustee appointed has yet to file an indication that this case will be administered as an asset case that would realize any funds for distribution to any creditor.

---

[5] *A.H. Robbins Co., Inc. v. Piccinin,* 788 F. 2d. At 1003 (quoting *In re Johns-Manville Corp.,* 40 B.R. 219, 226 (S.D. N.Y. 1984)).

[6] *In re Eagleston*, 236 B.R. 183 (Bankr. D. Md. 1999).

Accordingly, at this time there is no bar date for proofs of claim and the notice of Section 341 Meeting instructs creditors not to submit proofs of claim.  Even if the Trustee is able to liquidate the scheduled assets for the total amounts set forth as their values in the Schedules (which appears to be an unlikely result), the priority claims scheduled as uncontested far exceed the total of the values of the scheduled assets.  In other words, there appears no likelihood of a distribution to general unsecured claims in this case, particularly after administrative claims for the realization of those values would be paid before the listed priority claims.  Thus there appears no reasonable prospect or even cognizable possibility that any indemnity based claims submitted by a non-debtor defendant in the Florida actions against the bankruptcy estate will receive any distribution.

Furthermore, there is no insurance fund which is an asset of the Debtor in this bankruptcy case which might be dissipated by actions continuing against non-debtor parties.  Therefore there is no prospect of improper control, or dissipation of an estate asset.  In addition, because this is Chapter 7 liquidation case, time which may be required to be spent by the defendants in the Florida action will not adversely effect the prospects of successful reorganization in this bankruptcy case.  In short, none of the factors enumerated in the cited cases are demonstrated by the uncontested facts.

In conclusion the Motion is totally lacking in any merit and appears to be a naked attempt to extend the protection of the automatic stay in bankruptcy to non-debtor parties who have not subjected their assets and financial disclosure to the administrative of a bankruptcy court.  For these reasons the Motion will be denied.

cc:     Counsel for Debtor - Andrew C. Stone, Esq.

       Respondent - Debra Aalberg
              13810 Kapok Court
              #15J
              Tampa, FL 33613

Respondent - Charlene Gregus
    6020 Portsdale Place
    Unit 202
    Riverview, Florida 33578

Christopher K. Leifer, Esq. - FL Legal Group
    3502 Henderson Blvd., Suite 203
    Tampa, Florida 33609

Trustee

U.S. Trustee

**End of Order**